UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUDITH ANN TARVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0508-CVE-FHM |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| JUVENILE AFFAIRS, and L.E. RADER | ) | |
| CENTER | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss and Brief in Support (Dkt. # 13). Plaintiff Judith Tarver filed a pro se complaint alleging wrongful termination and violations of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA).[1] On December 18, 2009, counsel entered an appearance on Tarver's behalf. Dkt. # 6. Defendants seek to dismiss Tarver's complaint in its entirety for failure to serve the Office of Juvenile Affairs[2] (OJA) and failure to state a claim upon which relief can be granted. Tarver filed a response arguing that she has served the

---

[1] The Court adopts Tarver's counsel's description of the claims alleged in Tarver's complaint. Dkt. # 14, at 1.

[2] Tarver's complaint refers to the "Department of Juvenile Affairs." The entity's name is the Office of Juvenile Affairs. OKLA. STAT. tit. 10A, § 2-7-202(A).

proper parties, and that she may bring claims for the remedies she seeks. Dkt. # 14. She abandoned her wrongful termination claim.[3] Id. at 4.

**I.**

Plaintiff was a permanent classified employee of the OJA. She began her employment on September 16, 2002, and worked as a nurse at the Lloyd E. Rader Children's Center (LERC).[4] Dkt. # 1, at 3. She did not work between March 22, 2007 and December 12, 2007, due to medical issues. Id. at 3-4. She was again unable to work in January 2008. Id. at 4. At some point, a decision was made to terminate Tarver. She was called to a pre-termination hearing on September 12, 2008. Id. at 5. At this meeting, she was given until September 26, 2008 "to have PCP [primary care physician] fax a letter of when she could return to work, which was done by Dr. Jon Cox." Id. Tarver then received a notice of termination. Id. She alleges that her employment was terminated because of "medical issues." Id. at 6-7.

In her complaint, Tarver stated claims for wrongful termination (now abandoned) and violation of the ADA. Id. She seeks the following relief:

1. "an injunction directing the [Defendants to] reinstate [her] with the [accommodations] assessed per her Primary care Physician;"
2. an injunction prohibiting defendants "from discriminating on the basis of Medical Disabilities or Physical Disability;"

---

[3] Tarver's response brief states that she "does herein waive her Burk tort claim against the State of Oklahoma, Department of Juvenile Affairs." Dkt. # 14, at 4. It also states that she "does voluntarily waive her Burk tort claim against the Defendant." There are three defendants named in this case, and three defendants named in the caption of Tarver's response brief. Id. at 1. Although Tarver's response is less than clear, the Court assumes that she has abandoned her wrongful termination claims (also known as Burk tort claims) against all defendants.

[4] Tarver's complaint refers to the "L.E. Rader Center." The official name of this entity is the Lloyd E. Rader Children's Center. OKLA. STAT. tit. 10A, § 2-7-607.

    3.      back wages and other compensation and benefits for the time until she is reinstated;
    4.      "actual and compensatory Damages in excess of $75,000;"
    5.      $300,000 in punitive damages;
    6.      "liquidated damages as provided by the ADA;" and
    7.      attorney's fees and costs, upon her retention of an attorney.

Id. at 7-8. On August 27, 2009, the Court advised Tarver that she must serve each defendant with a summons and copy of the complaint no later than December 8, 2009. Dkt. # 5. On December 18, 2009, counsel entered an appearance on Tarver's behalf, Dkt. # 6, and filed a motion to serve defendants out of time, Dkt. # 7. The Court gave Tarver until December 31, 2009 to serve all defendants. Dkt. # 8. To date, Tarver has filed a return of service evidencing service on Drew Edmonson, Attorney General for the State of Oklahoma and Gene Lidyard, Division Administrator for Risk Management, Central Purchasing, State of Oklahoma.[5] Dkt. # 10.

## II.

In considering a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The claim must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations "must be enough to raise a right to relief above the speculative

---

[5]    The caption on the return of service listed "State of Oklahoma, ex rel Department of Juvenile Affairs" as the defendant. Dkt. # 10. Tarver's response to the motion to dismiss lists "State of Oklahoma, Oklahoma Department of Juveniles [sic] Affairs, L.E. Rader Center" as the "Defendants." Dkt. # 14, at 1.

3

level." Id. When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 592; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1109-10. In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570.

### III.

Defendants argue that Tarver's ADA claims are barred by the doctrine of sovereign immunity. Specifically, Defendants argue that the State of Oklahoma and its agencies cannot be held liable for money damages under the ADA. Dkt. # 13, at 5-6. Tarver responds that "[b]ack pay and compensatory damages are equitable relief in multiple instances and may be considered by the Courts [sic] here, if appropriate." Dkt. # 14, at 4. She cites no law for this proposition. Id.

The Eleventh Amendment, as interpreted,[6] bars suits against a state by citizens of another state and suits against states by their own citizens. See, e.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). However, Congress may abrogate state sovereign immunity under certain circumstances. See, e.g., College Savings Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669-

---

[6] The Court will use "Eleventh Amendment" as a shorthand reference to the Amendment and associated principles of sovereign immunity.

70 (1996).[7] In Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001), the United States Supreme Court held that Title I of the ADA (Title I) did not validly abrogate state sovereign immunity. Therefore, the Eleventh Amendment bars Title I suits against states. Id. at 360; see also Estes v. Wyo. Dep't of Transp., 302 F.3d 1200, 1203 (10th Cir. 2002).

The Eleventh Amendment does not, however, bar Title I suits against appropriate state officials for prospective relief under the doctrine of Ex Parte Young, 209 U.S. 123 (1908). Garrett, 531 U.S. at 374 n.9; see also Ferguson v. Okla. Sec'y of State, 6 Fed. App'x 797, 798 (10th Cir. 2001) (unpublished)[8] ("the Eleventh Amendment bars suits against states for money damages under the ADA"). Not only does Tarver seek money damages in this case, but also she seeks to bring claims against the State of Oklahoma and a state agency directly.[9] "This action is clearly precluded." Justice v. Okla. Dep't of Human Svcs. Child Welfare, 122 Fed. App'x 938, 940 (10th Cir. 2004) (unpublished)[10] (holding that sovereign immunity barred a suit for compensatory and punitive damages brought directly against an agency of the State of Oklahoma).

---

[7] A state may also waive its sovereign immunity. See, e.g., Fla. Prepaid, 527 U.S. at 670. Oklahoma has not waived its sovereign immunity, OKLA. STAT. tit. 51, § 152.1 ("[t]he State of Oklahoma does hereby adopt the doctrine of sovereign immunity"), except pursuant to the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151.

[8] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[9] LERC is not a proper defendant in this matter. This Court has previously held that OJA, and not LERC, was a plaintiff's employer in an employment discrimination case brought against the two entities. See Avington v. State of Oklahoma Office of Juvenile Affairs, No. 08-CV-0571-CVE-FHM, 2009 WL 661390, at *4 (N.D. Okla. March 11, 2009) ("[w]hile plaintiff worked at LERC, his actual employer was the OJA . . . and the proper defendant in this case is OJA").

[10] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

Tarver's claims, as currently constructed, are barred by the Eleventh Amendment and must be dismissed. However, as a responsive pleading has not yet been filed, Tarver may amend her complaint pursuant to Fed. R. Civ. P. 15(a).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Brief in Support is **granted in part** and **moot in part**. The Complaint (Dkt. # 1) is **dismissed**. Plaintiff may file an amended complaint no later than **March 26, 2010**. Plaintiff is advised that she must properly serve each defendant named in any amended complaint.

**DATED** this 11th day of March, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT